IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) JOHN RANDOLL, an individual,<br>2) MICHAEL TOWNSEND, an individual,<br>3) DANIEL ANDERSON, an individual,<br>4) SONNY FRICK, an individual<br><br>Plaintiffs,<br><br>v.<br><br>1) NDI, LLC, a foreign limited liability Company,<br>2) JASON WILLIAMS, an individual,<br><br>Defendants. | Case No. 15-CV-106-JED-TLW |

## OPINION AND ORDER

The Court has for its consideration defendants' Motion to Dismiss, or in the Alternative, Motion to Transfer (the "Motion") (Doc. 11), which plaintiffs have opposed (Doc. 15). For the reasons set forth herein, defendants' Motion is **granted in part** and **denied in part**.

**I.  Background**

Plaintiffs John Randoll, Michael Townsend, Sonny Frick, and Daniel Anderson filed this lawsuit alleging that defendant NDI, LLC ("NDI") and defendant Jason Williams, NDI's Chief Operating Officer, violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.*, and the Oklahoma Wage and Hour Laws, 40 Okla. Stat. Ann §§ 165.1 *et seq.*, by misclassifying plaintiffs as independent contractors, thus failing to provide overtime and taking improper deductions from their paychecks. (Doc. 2). Plaintiffs, who are satellite dish installers, each entered into a Contractor Agreement (the "Agreement") with NDI. Defendants' Motion is premised upon the following forum selection clause contained in the Agreement:

> In the event of any legal action involving this Agreement, the parties agree that exclusive venue shall be where NDI, LLC's corporate headquarters is located. With respect to all disputes under this Agreement, Contractor submits itself to the exclusive personal jurisdiction of the federal and state courts of the State of Missouri.

Doc. 11, Ex. A, 1-5 at ¶ 25(f). Defendants have provided defendant Williams' affidavit showing that NDI's corporate headquarters is in Joplin, Missouri. (Doc. 11, Ex. A, ¶ 5). Defendants' Motion argues that, based on the forum selection clause above, plaintiffs' claims should be dismissed for improper venue under Fed. R. Civ. P. 12(b)(3), or alternatively that the case should be transferred to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. § 1404(a). (Doc. 11 at 1). In their Response, plaintiffs argue that defendants' Motion should be denied because the forum selection clause is not valid. (Doc. 15 at 8).

## II. Discussion

### A. Motion to Dismiss

First, defendants argue that, pursuant to Fed. R. Civ. P. 12(b)(3), the forum selection clause in the Agreement mandates dismissal of plaintiffs' claims. However, the Supreme Court has explicitly rejected this argument, stating that "a case filed in a district that falls within § 1391 may not be dismissed under . . . Rule 12(b)(3)." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577, 187 L. Ed. 2d 487 (2013). The Court reasoned that if a federal venue statute, such as § 1391, allows a suit to be brought in a particular district, the mere presence of a forum selection clause "cannot render venue in that district "'wrong.'" *Id.* at 578. Here, as in *Atlantic Marine Construction Co.*, the plaintiffs established venue under § 1391(b). Thus, defendants' Motion cannot be granted based on its argument that dismissal under Fed. R. Civ. P. 12(b)(3) is appropriate.

2

### B. Motion to Transfer

By contrast, the Supreme Court has held that § 1404(a) is the appropriate mechanism for a federal district court to transfer a case based on the presence of a forum selection clause. *Atl. Marine Const. Co.*, 134 S. Ct. at 574; *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."). Accordingly, defendants' argument that the case should be transferred holds merit.

Tenth Circuit law makes clear that a forum selection clause is "*prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992). When presented with a motion for transfer under § 1404, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atl. Marine Const. Co.*, 134 S. Ct. at 575. A forum selection clause clearly designating a specific venue and accompanied by mandatory language showing that jurisdiction is only appropriate in the designated forum will be enforced as mandatory. *Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 927 (10th Cir. 2005). Here, the clause states that "exclusive venue shall be where NDI, LLC's corporate headquarters is located" and that plaintiffs "submit[ted] [themselves] to the exclusive personal jurisdiction of the federal and state courts of the State of Missouri." The parties have clearly designated the proper venue by use of the word "exclusive," which is accompanied by the mandatory word "shall." Moreover, there is no dispute that plaintiffs' claims fall within the scope of the forum selection clause and arise under the Agreement. Thus, the forum selection clause is prima facie valid unless plaintiffs meet their heavy burden to

show that the clause is invalid or that enforcement of the clause would be unreasonable and unjust under the circumstances. *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 956 (10th Cir. 1992); *see also Cardoni v. Prosperity Bank*, 2014 WL 3369334, at *6 (N.D. Okla. July 9, 2014).

Typically, a district court ruling on a § 1404 motion must weigh public interest factors and the convenience of the parties. *Atl. Marine Const. Co.*, 134 S. Ct. at 581. However, in a case containing a forum selection clause, the standard analysis is altered in three ways. First, the plaintiff's choice of forum is entitled to no weight, because "when a plaintiff agrees by contract to bring suit only in a specified forum—presumably in exchange for other binding promises by the defendant—the plaintiff has effectively exercised its 'venue privilege' before a dispute arises." *Id.* at 582. Second, the district court should not consider the parties' private interests, and "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* While a court may consider public interest factors, they will "rarely defeat a transfer motion." *Id.* Third, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules," because it would encourage gamesmanship. *Id.* at 583.

Plaintiffs argue that the forum selection clause is invalid because they never entered into a contract with NDI, or alternatively that they lacked consent when signing the Agreements. First, plaintiffs suggest that they never entered into contracts with NDI because the Agreements were between NDI and "Anderson Installations," "Frick Installs," "Randoll Installs," and "Townsend Inc.," not the plaintiffs by name. (Doc. 15 at 9). However, a review of each plaintiff's Agreement demonstrates plaintiffs' statement to be untrue—the first paragraph of each Agreement explicitly states that the Agreement was entered into between NDI and Daniel Anderson, NDI and Sonny

4

Frick, NDI and John Randoll, and NDI and Michael Townsend. *See* Doc. 11, Ex. A, 1-5. Plaintiffs' first attack on the validity of the Agreements thus lacks merit.

In the alternative, plaintiffs argue that the clause cannot be enforced because they did not have the requisite consent when entering into their respective Agreements. (Doc. 15 at 9). Specifically, plaintiffs state they were not given any "meaningful choice" and allege they were "forced to sign" the Agreements. (*Id.*). In order to prevail, plaintiffs must show that defendants' coercion and overreaching was specifically targeted to the forum selection clause. *See Riley*, 969 F.2d at 960 (upholding choice provision because plaintiff failed to present evidence that the provision was the product of fraud or coercion); *Cardoni*, 2014 WL 3369334, at *6 ("[T]he party challenging the clause must demonstrate that the forum selection clause itself is the product of fraud or coercion."). Like the plaintiffs in *Riley*, the plaintiffs here have failed to provide any evidence that the forum selection clause in particular was induced by coercion. Further, other courts in this district have rejected similar arguments presented by plaintiffs seeking to invalidate forum selection clauses, reasoning that they "could have declined to sign the agreements and look for other employment." *Cardoni*, 2014 WL 3369334, at *7. Likewise, the plaintiffs here could also have chosen not to sign the Agreements and search for employment elsewhere. The Court notes that defendants have presented evidence that some NDI employees chose not to become independent contractors when presented with the option, which also counsels against a finding of coercion. (Doc. 18 at 4). In sum, these facts demonstrate that plaintiffs are unable to carry their burden to show that there was coercion targeted to the forum selection clause.

Lastly, plaintiffs argue that the Agreements were invalid because they required plaintiffs to "undertake significant travel in order to prosecute their wage claims in the home state of the Defendants," which is unreasonably favorable to defendants. (Doc. 15 at 10). This argument is
5

directly contrary to the Supreme Court's admonition that the Court should not consider a party's private interests in assessing a § 1404 motion. *See Atl. Marine Const. Co.*, 134 S. Ct. at 582. Accordingly, plaintiffs have not met their heavy burden to show that the forum selection clause is invalid.

As a result, venue does not lie in this forum. The forum selection clause makes clear that the exclusive venue is in Joplin, Missouri, the location of NDI's headquarters. The Court thus concludes that transfer to the United States District Court for the Western District of Missouri under § 1404(a) is proper in this case.

### III.     Conclusion

For the reasons discussed, defendants' Motion to Dismiss, or in the Alternative, Motion to Transfer (the "Motion") (Doc. 11) is **granted in part** and **denied in part**.

SO ORDERED this 2nd day of November, 2016.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

6

Case 3:16-cv-05120-BP   Document 22   Filed 11/02/16   Page 6 of 6